MIGUEL A. DE LEÓN, Petitioner and Appellee, *v.* MAYOR OF HATILLO, ETC., Respondent and Appellant.

No. 7628. Argued November 20, 1937.—Decided December 23, 1937.

*E. Pérez Casalduc* for appellant. *Dubón & Ochoteco* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an appeal from a judgment of the District Court of Arecibo, vacating an order of the mayor of Hatillo removing the Treasurer and School Director of the municipality from office. A motion has been made to dismiss the appeal on the ground that the judgment is not appealable.

The applicable statutory provisions are found in Section 29 of the Act establishing a system of local government for the municipalities of Puerto Rico (Act No. 53 of 1928, Laws, p. 334), as amended in 1931 by Act No. 98 "To amend Sections 7, 14, 17, 18, 24, 26, 27, 28, 29, 31, 43, 48, 54 and 66, and paragraph (f) of Section 46, and to add paragraph (h) to said Section 46, of 'An Act establishing a system of local government for the municipalities of Porto Rico,' approved April 28, 1923, and for other purposes," which, in so far as material, provides as follows:

"The municipal administrative officers and employees shall be removed from office only by the mayor, from whose decision the prejudiced officer or employee may take an appeal, which shall be the only one allowed, to the corresponding district court, which shall consider and decide the question of fact and law involved in the appeal, within a term not exceeding thirty (30) days from the filing of the complaint on appeal, and none of the parties can appeal from the judgment of the district court deciding the points raised." (Laws of 1931, p. 594).

The statute is so clear that it is not in our judgment susceptible of any other interpretation than that for which the appellee contends; that is, that it does not authorize the appeal which has been taken to this Court.

The appellants himself seems to concede this, but contends that that part of the Act which provides "and none of the parties can appeal from the judgment of the district court deciding the points raised," is unconstitutional because in

conflict with the following provision of Section 34 of our Organic Act:

"No bill except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Appellant's contention is so groundless that we shall not stop to analyze the decisions which he cites to sustain it. We are in agreement with the principles laid down in those decisions, but we are not in agreement that they would, if applied to this case, sustain the contention of appellant.

The title of the 1931 Act is before us. It fulfills the requirements of the Organic Act upon the point. The amendment did not insert into the Act any new matter, foreign to the statute, but is in perfect harmony with it.

A study of the whole of Section 29 will show that it was the intention of the legislature to limit the investigation to two normal proceedings, the first before the municipal assembly or the mayor, and the second before this Supreme Court when the removal of a mayor is in question, and before the district courts when the question is one of removal of administrative officers and municipal employees by the mayor.

The case of *Venegas* v. *District Court,* 41 P.R.R. 469, is inapplicable, since what was there construed was the statute as in force prior to the amendment in 1931.

The motion must be granted and the appeal dismissed for want of jurisdiction.

Mr. Justice Córdova Dávila took no part in the decision of this case.